UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Brian Hobbs,            )
                        )
        Plaintiff,      )
                        )    Hon.        1:06 CV0741
    v.                  )
                        )
NCO Financial Systems, Inc.,    )
a Pennsylvania corporation,     )            Wendell A. Miles
                        )            Senior, U.S. District Judge
        Defendant.      )
_____)

## Complaint

### I. Introduction

1. This is an action for damages and declaratory relief, brought in response to the defendant debt collector's abusive, deceptive and/or unfair debt collection practices which violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Michigan Collection Practices Act ("MCPA"), M.C.L. § 339.901 *et seq.*

### II. Jurisdiction

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiffs' state law claims under 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201. Venue in this judicial district is proper because the pertinent events took place here.

### III. Parties

3. Plaintiff Brian Hobbs is a natural person residing in Kent County, Michigan.

4. Defendant NCO Financial Systems, Inc. ("NCO") is a Pennsylvania corporation

1

doing business at 507 Prudential Road, Horsham, Pennsylvania 19044. NCO is qualified to do business in Michigan. The registered agent for NCO is The Corporation Company, 30600 Telegraph Road, Bingham Farms, Michigan 48025. NCO is a "debt collector" as the term is defined and used in the FDCPA. NCO is a "collection agency" and a "licensee" as these terms are defined and used in the MCPA.

**IV.   Facts**

5. In or about 1987, Mr. Hobbs opened a credit account with Sears. Mr. Hobbs used the account to purchase goods and services for personal, family or household purposes. The resulting obligation to pay money was a "debt" as the term is defined in the FDCPA and MCPA.

6. In or about 1997, the account was closed. Mr. Hobbs has not made a payment on the account in approximately a decade.

7. For a period of years, the applicable statute of limitation has proscribed judicial enforcement of the debt.

8. NCO claims to have purchased the debt after the debt was in default.

9. In 2006, NCO sent multiple letters to Mr. Hobbs, demanding payment of the debt, Sears Account No. 0170782010335, NCO Account No. ECI143. The letters invited Mr. Hobbs to telephone NCO to discuss the matter.

10. On or about October 10, 2006, Mr. Hobbs spoke by telephone with an NCO employee identified as "Susan" at Extension 4241. In the ensuing conversation, NCO's employee made the following statements:

   a) Mr. Hobbs owed $1,684.00 in connection with a Sears account opened by Mr. Hobbs in November of 1987.

    b)    NCO now owned the account.

    c)    The account had been in collections since August 31, 1997.

    d)    Derogatory information regarding the account was currently being reported on Mr. Hobbs credit report.

    e)    If Mr. Hobbs paid the account, then NCO would "clear the credit report and get rid of this."

    f)    If Mr. Hobbs paid the account, then NCO would close the account and notify the credit bureaus that the account had been paid.

    g)    In January of 2006, Mr. Hobbs had received an offer from Capital One to refinance the debt by putting it on a new credit card, and that Capital One knew about the debt because the debt was on Mr. Hobbs' credit report.

    h)    Derogatory information regarding the debt would remain on Mr. Hobbs' credit report forever unless the debt was paid.

11.    The Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.,* states that no consumer reporting agency may make any consumer report containing information regarding "accounts placed for collection or charged to profit and loss which antedate the report by more than seven years." 15 U.S.C. § 1681c(a)(4). The running of the seven-year period begins "upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceded the collection activity, charge to profit and loss, or similar action." 15 U.S.C. § 1681c(c)(1).

12.    NCO's employee in her telephone conversation with Mr. Hobbs misrepresented the length of time for which derogatory information regarding the debt could remain on Mr.

Hobbs' consumer report.

13. The acts and omissions of NCO and its employee were willful.

14. The unlawful debt collection methods, acts and practices of NCO and its employee were willful. The violations of the MCPA by NCO and its employees were willful.

15. As an actual and proximate result of NCO's acts and omissions, Mr. Hobbs has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, and suffering for which he should be compensated in an amount to be established by jury and at trial.

**V.    Claims for Relief**

### Count 1– Fair Debt Collection Practices Act

16. Plaintiff incorporates the foregoing paragraphs by reference.

17. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

   a) Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and abuse plaintiff in connection with the collection of a debt.

   b) Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt; and

   c) Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that defendant's practices violate the FDCPA; and

e) Such further relief as the court deems just and proper.

### Count 2– Michigan Collection Practices Act

18. Plaintiff incorporates the foregoing paragraphs by reference.

19. Defendant has violated the MCPA. Defendant's violations of the MCPA include, but are not necessarily limited to, the following:

   a) Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

   b) Defendant violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened; and (ii) the legal rights of a creditor or debtor; and

   c) Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to M.C.L. § 339.916(2);

b) Treble the actual damages pursuant to M.C.L. § 339.916(2);

c) Statutory damages pursuant to M.C.L. § 339.916(2); and

d) Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

## Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: October 16, 2006

Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503
(616) 776-1176
ConsumerLawyer@aol.com